McFarland, J.,
delivered the opinion of the court.
This was a motion by the State, for judgment upon the bond of James E. Wood, clerk of the County Court of Gibson county, for a balance of the public revenue of $1,089.06, with interest and damages claimed to be due the State. Judgment was rendered for the State, and the defendants have appealed.
The evidence offered and heard in behalf the State, was the Comptroller’s statement of the amount claimeá, duly made out, and certified in accordance with sections 731, 732 of the Code. This was prima facie evidence, and in the absence of other legal countervailing evidence, the State was entitled to judgment for the amount. The only evidence offered by the defendant, is stated in the bill of exceptions as follows: “The said defendants then offered to prove by Jas. E. Wood, that before this motion was made, and before he was notified thereof, that he did pay to the Treasurer of the State of Tennessee, the said sum of $1,089.06, as he had all other sums with interest and costs due or owing from him, to the State Treasurer, on any and every account, and that he does not owe the State anything whatever.” The Attorney General objected to the competency of the evidence, and the objection was sustained, and the question is, was this error? Section 229 of the Code enacts that “The Treasurer, shall receive of the several collectors of public revenue, all taxes accruing to the State, and all other public moneys payable into the treasury, but not until the party bound to pay the. same, has passed *338 his account with the Comptroller, and obtained his warrant to pay into the treasury, the sum found due from him.” Code, 207, in enumerating the duties of the Comptroller, among other things enacts, sub-sec. 10, that he shall keep a regular account with every person in the State authorized to collect revenues, charging him with all sums received, and crediting him with all sums, paid into the treasury, for which he produces and files with the Comptroller the Treasurer’s duplicate receipt.
These provisions are intended to furnish the Comptroller’s office with evidence of all moneys paid into the treasury.
The collector must settle with the Comptroller, and obtain his warrant to pay the money into the treasury, and then he must pay the money to th.e Treasurer, and take his receipt in duplicate; one copy to be retained, the other to be filed with the Comptroller; upon this being done, the collector is entitled to a credit. These are not unmeaning forms, they are positive requirements of the law. The collector has no right to disregard them. The money is not paid into the State treasury without these provisions being in substance complied with, although it may, in fact, be paid to the individual holding the office of Treasurer. If it be paid into his hands, otherwise than above required, it is in his hands as an individual, and not as Treasurer of the State. We do not say that in certain events, all these facts may not be proven by parol, but we understand that the proposition simply was to prove by the collector himself, that he paid *339 the money to the State Treasurer before notice of the motion. He did not propose to prove that he paid it in the manner specified above, or that he complied with the law as to the warrants and receipts.
Again, if the collector took the receipt of the Treasurer as required, why is it not produced, or its absence accounted for ? These receipts stand upon a different footing from ordinary receipts for the payment of money between individuals. They are required by law to be taken; they are made the statutory evidence of the payment of the money, as required by law, and for valid reasons. It would be of great public inconvenience for the Treasurer to leave his office, and attend the Circuit Courts to oppose his parol evidence to that of the collector, and settle these questions upon the memory of these or other witnesses. The law provides that the receipts shall be taken, and they must be produced, or their absence accounted for in the regular way. Nothing short of this will charge the public treasury with the money. There was no error in the ruling of the Circuit Judge, and the judgment will be affirmed.